UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EDDIE VAUGHANS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:17CV587-PPS/MGG |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT PAYNE, *et. al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Eddie Vaughans, an Indiana prisoner without a lawyer, filed a civil rights complaint challenging the validity of his state criminal conviction. ECF 2. Pursuant to 28 U.S.C. §1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915A. Courts apply the same standard under §1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the complaint states a claim, a court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

1

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Vaughans complaint is very difficult to decipher. My best guess is that he is challenging the validity of his 2005 Marion County, Indiana drug conviction in Cause No. 49G20-0303-FA-050900. It appears that the relief he seeks includes his immediate release from prison and "5.6 m" which I take to mean $5.6 million. DE 2 at 4. There are a number of problems with Vaughans' complaint, the first of which is it appears to be a habeas corpus petition masquerading as a §1983 matter. But Vaughans has already challenged his conviction in a previous federal habeas corpus petition. *See Vaughans v. Superintendent*, 3:15-cv-372-TLS (N.D. Ind.) (filed Aug. 20, 2015). His petition was denied. *Id.* at ECF 21.

Vaughans may not pursue civil rights claims that undermine the validity of his criminal conviction because he has not successfully overturned his criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Furthermore, to the extent that he wishes to pursue a civil rights claim against the Defendants for their role in his conviction, these claims are likewise barred by *Heck* because his conviction has not been invalidated or overturned. *Id.* at 486-87. Vaughans does not have a legal basis for pursuing this lawsuit, and it will therefore be dismissed as frivolous pursuant to 28 U.S.C. §1915A.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. 2016) (quotation marks

omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile").

ACCORDINGLY:

Eddie Vaughans' complaint (ECF 2) is **DISMISSED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: October 26, 2017

                                                         /s/ Philip P. Simon
                                                         Judge
                                                         United States District Court